UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JOHNNY JERNIGAN-EL, | ) | |
| Petitioner, | ) | |
| v. | ) | CAUSE NO. 1:04-CV-448 TLS |
| JOHN VANNATTA, | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Johnny Jernigan-El, a prisoner confined at the Miami Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, dealing with a prison disciplinary hearing. On August 13, 2004, a disciplinary board found Mr. Jernigan-El guilty of threatening another with bodily harm and sanctioned him with a loss of sixty days of earned credit time. He unsuccessfully appealed to the facility superintendent and the final reviewing authority.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

Mr. Jernigan-El asked for four witnesses, inmates Presswood, Shepard, and Tyson, and Correctional Officer Bagwell. Mr. Jernigan-El provided the screening officer with the gist of the testimony he believed the inmate witnesses could provide. According to the screening report, Mr. Jernigan-El told the screening officer that Presswood, Shepard, and Tyson would testify that he "did

not say this & Sgt. Truax was not in the dining room." (Exhibit B1). In ground one of his petition, Mr. Jernigan-El asserts that the screening officer did not send witness forms to all of the persons he requested as witnesses and that the Conduct Adjustment Board ("CAB") chairman refused to call the extra witnesses because their testimony would be repetitive.

At the hearing, Sergeant Truax, the reporting officer, provided a statement that he knew Mr. Jernigan-El and heard him make the threatening statement described in the conduct report. Inmate witness Larry Presswood testified in support of Mr. Jernigan-El's position that he did not make a threatening statement. Officer Bagwell, Mr. Jernigan-El's staff witness, provided a statement that she had no personal knowledge of the incident. In his traverse, Mr. Jernigan-El asserts that the screening officer did not comply with Indiana Department of Correction ("IDOC") guidelines when he declined to send witness requests to each of the inmate witnesses Mr. Jernigan-El requested.

Claims that prison officials violated IDOC policy in depriving prisoners of earned credit time are not cognizable in § 2254 actions. Relief in this action is only available from violation of the federal Constitution or laws. *Estelle v. McGuire*, 502 U.S. 62 (1991). State law questions do not state a claim for habeas relief. *Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995); *Hester v. McBride*, 966 F.Supp. 765 (N.D.Ind. 1997). Therefore, Mr. Jernigan-El's claim that the screening officer did not follow IDOC policy in regard to requesting witnesses is not actionable in a habeas proceeding.

Prisoners have a federally protected right to call exculpatory witnesses at prison disciplinary hearings, but that right is not unlimited. Prisoners do not have the right to confront or cross-examine their accusers. *Wolff v. McDonnell*, 418 U.S. at 567, and witnesses may be limited consistent with institutional safety and correctional goals. *Superintendent v. Hill*, 472 U.S. at 454. Prison disciplinary boards may also decline to hear witnesses whose testimony would be irrelevant or repetitive. *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). Because the testimony of Shepard

2

and Tyson would have been repetitive and cumulative, the disciplinary board's decision not to have these witnesses testify in person did not deprive Mr. Jernigan-El of due process.

Mr. Jernigan-El's second issue is that the evidence was insufficient to support a finding of guilt. Mr. Jernigan-El asked the CAB to review a videotape of the mess hall from the date of the incident. In its report of disciplinary hearing (exhibit D), the board stated that "video. was reviewed but [the] incident wasn't captured on tape." The CAB determined that the tape had "no bearing on [the] case" because it neither proved nor disproved that the incident occurred. Mr. Jernigan-El asserts a belief that the CAB never viewed the tape.

The records submitted by the respondent state that the CAB reviewed the videotape, and Mr. Jernigan-El does not provide admissible evidence that the disciplinary board did not review the tape. Moreover, Mr. Jernigan-El did not present thes claim that the board did not view the tape in his administrative appeal. The principles of exhaustion of available state remedies and procedural default apply to prison disciplinary hearings. *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992). Failure to raise the issue on appeal to the final reviewing authority is a waiver of the claim. *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002).

Accepting the CAB's determination that the videotape neither proved nor disproved that Mr. Jernigan-El made a verbal threat as correct, the court must still determine if there is "some evidence" supporting the finding of guilt. *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. at 455. This standard "does not require evidence that logically precludes any conclusion but the disciplinary board." *Id.* at 457. The finding of guilt must be upheld if "there is any evidence in the record that could support the conclusion reached" by the board. *Id*. at 457. Sgt. Truax's written statement to the board that he observed and heard Mr. Jernigan-El make a threatening statement is sufficient to support the CAB's finding of guilt.

3

For the foregoing reasons, the court the court **DENIES** this petition.

SO ORDERED on January 20, 2006.

                                                        _/s/ Theresa L. Springmann_
                                                  THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT